# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE AT NASHVILLE

Cage, Quinton Albert #242918;
And, all those similarly situated.

-Plaintiff-

CIVIL ACTION NUMBER #
3:17-1214

*1981 RACIAL DISCRIMINATION*
*1983 CIVIL RIGHTS*

v.

Dr. Madu Nwozo, M.D.;
P.A. David Sehorn;
Nurse Liz Johnson, R.N.;
Nurse Paula Lampman, R.N.;
Mr. Felix Mitchell, Unit Manager; Former Corporal Wooten, Unit 7 Bldg Supervisor;
Former Sergeant Estes, Former BLGD 7 SHIFT SUPERVISOR;
Tammy Farley, R.N.; Former Sergeant Green, Former Grievance Board Chair Person; Jay Bailey 470170, Grievance Clerk;
CCO Hawkins, Staff Committee Member;
CO Frazier Staff Committee Member:
William Young # 533942; Eddie Sweat #247931; James H. Holloway, Warden
Jason Woodall, Commissioner; State of Tennessee; and, all those similarly situated.

*1985 AND 1986 CONSPIRACY*

1988 ATTORNEY Fees Requested

Appointment of Counsel Requested

JURY TRIAL REQUESTED

RECEIVED
IN CLERK'S OFFICE
SEP 0 1 2017
U.S. DISTRICT COURT
MID. DIST. TENN.

-Defendants-

# COMPLAIN FOR NEGLIGENCE LAWSUIT

*Original*

{cover page}

## I. Preliminary Statement

This is a federal complaint for negligence Lawsuit filed by Quinton A. Cage, Tn. DOC I.D. #242918, a state prisoner in the Tennessee Dept. of Corrections at Deberry Special Needs Facility, 7575 Cockrill Bend Boulevard, Nashville, Tenn. 37209, for monetary damages, a preliminary injunction and post injunction pursuant to 42 U.S.C.A. 1981, 1983. 1985, and 1986 alleging unwarranted punishment, manifest injustice, inhumane treatment and unfair conditions in violation of Amend 1, 4, 5, 6, 8, and 14 U.S. Constitution.

Also, See: Article 1 Section 2, 6, 7, 8, 9, 10, 14, 15, 16, and 32 Tennessee Constitution. The plaintiffs also allege the state law tort claims of slander and libel and aggravated assault/w an injury (Exposure to a Hazardous Conditions).

## II. JURISDICTION

1. This court has jurisdiction over the plaintiff's claims of violation of constitutional rights under 42 U.S.C. subsection 1331 (a) and 1343.

2. Jurisdiction is also invoked under Amendment 1, 5, 6, 8, and 14 U.S. Constitution. Also, note: Article 1 section 8, 10, 14, 16, 17, and 32 Tennessee Constitution.

3. The court has supplemental jurisdiction over the plaintiff's state law tort claims under 28 U. S. C. 1367.

4. Also, see: F. R. Civ. Procedure Rule 18+19 ( Jointer of claims and parties).

## III. FACTS OF THE COMPLAINT

5. The plaintiff, Quinton Albert Cage, had on previous occasion filed other lawsuit with this court and with the state court of Tennessee. He currently does not know all the plaintiff's involved and apart thereof. The plaintiff and defendants involved maybe garnered from this court's computer database. Your attention to this matter will be greatly appreciated. {Go to: www.Tenn.Courts.Gov for more information}. No lawsuit has been filed on the case and issues at current bar.

6. The current place of the plaintiff's confinement: is Deberry Special Needs facility, Unit 7 Pod B Cell106/Mental Health Unit and prisoners in mental health throughout Tennessee and the intercontinental United States of America. The facts of this lawsuit are related to their confinement and also confinement to Tennessee state prison. The plaintiff is a level 4 custody level of care mental health patient.

7. A grievance has been filed regarding the complaint. The plaintiff(s) had appealed to the highest level of the grievance process. This cause and claim pertains to the plaintiff confinement in mental health and the conditions subjected to and the continued maintenance of a nuisance or their exposure to hazardous conditions.

### IIII.PARTIES TO THIS LAWSUIT

8. Cage, Quinton Albert #242918, 7575 Cockrill Bend Ind. Road; Nashville, Tennessee. 37209-1057 is the initial plaintiff of this suit. All those similarly situated, are those successive to the maintenance of a nuisance and negligent care BY A CUSTODIAL GAURDIAN.

9. The name of the first defendant is Dr. Nwozo, M.D. . His place of employment is: Lois M. Deberry Special Needs Facility. HE is employed as the doctor at DSNF/ a division of adult institutions/ Tn. DOC 7575 Cockrill Bend Industry Road. Nashville, Tennessee. 37209. He is being sued in his individual and official capacity.

10. Nurse Liz Johnson, R.N. works at DSNF, 7575 Cockrill Bend Industry Road, Nashville, Tenn. 37209. She is being sued in her individual and official capacity.

11. Nurse Paula Lampman, R.N. works at DSNF, 7575 Cockrill Bend Industrial Road; Nashville, Tennessee. 37209. She is being sued in her individual and official capacity.

12. Mr. Haynes is the Associate Warden Of Treatment, his place of employment is DSNF, 7575 Cockrill Bend Industry Road; Nashville, Tn. 37209. He is being sued in his individual and official capacity.

13. Felix Mitchell, Unit Manager works at DSNF, 7575 Cockrill Bend Industry; Nashville, Tennessee. 37209. He is being sued in his individual and official capacity.

14. Former Sgt. Estes, Current Field Lieutenant works at DSNF, 7575 Cockrill Bend Industry Road; Nashville, Tennessee. 37209. He is being sued in his individual and official capacity.

15. Nurse Maryland Boyo, R.N. works at DSNF, 7575 Cockrill Bend Industry Blvd.; Nashville, Tn. 37209. She is being sued in her individual and official capacity.

16. Former Cpl. Wooten, Bldg. 7 Supervisor works at D.S.N.F, 7575 Cockrill Bend Industry Road; Nashville,Tennessee. 37209. He is being sued in his individual and official capacity.

17. Former Sgt. Green, Former Grievance Board Chairman and current field <u>Lieutenant</u> at River Bend Maximum Security Institution, 7475 Cockrill Bend Industry Road; Nashville, Tennessee. 37209. He is being sued in his individual and official capacity.

18. Jay Bailey #470170 is the Grievance Clerk at DSNF, 7575Cockrill Bend Blvd.; Nashville, Tennessee. 37209.He is sued in his individual and official capacity.

19. CCO Hawkins, Staff Committee Member works at DSNF, 7575 Cockrill Bend Industry Road; Nashville,Tennessee. 37209. She is being sued in his individual and official capacity.

20. CO Frazier, Staff Committee Member at DSNF, 7575 Cockrill Bend Industry Road; Nashville, Tennessee. 37209. He is being sued in his individual and official capacity.

21.. William Young #533942, Inmate Committee Member at DSNF, 7575 Cockrill Bend Blvd.; Nashville, Tennessee. 37209 He is being sued in his individual and official capacity.

22. James M. Holloway, warden at DSNF 7575 Cockrill Bend Blvd. Nashville, Tennessee 37209, he is being sued in his individual and official capacity.

23. All those similarly situated that are plaintiffs are those inmates housed at DSNF and throughout the Tennessee and intercontinental U.S. prisons and who receive medical, mental health or rehabilitation services.

24. All those similarly situated that are defendants are those directly and indirectly involved, whether medical or/either behavioral adjustment, those which have a necessary stake in the ill-treatment and abuse or continued imprisonment of the plaintiffs. They are being sued in their individual and official capacity.

## GENERAL INFORMATION

25. The plaintiff submits the complaint pro se and in propria persona, he is a layman at law, indigent and merely possesses and grade 14 education. He has completed high school and a basic paralegal studies program with a specialty at buisiness law.

26. He was arrested April 1st, 1994 in Christian County, Ky. by Montgomery county, Tenn. Officials and extradited by ambulance to Vanderbilt University Medical Center for treatment of concussion and paralysis.

27. After which he was subjected to the Montgomery County, Tenn. Sheriff's Dept. / Jail Division for processing and detainment on the charges of Aggravated Robbery, Aggravated Kidnap and Aggravated Robbery and Aggravated Rape.

28. While a ward in the Montgomery County Jail, he was appointed a Public Defender at which he made request to have a new attorney appointed because of public defenders general blanket statement regarding Brady exculpatory materials and materials favorable to the defense in possession of investigating agencies.

29. On April 8, 1994 Mr. Cage was bound and accepted by the Montgomery county general session and circuit court for adult criminal prosecution.

30. On July 5th, 2017 he was indicted by a grand jury for the crimes of Especially Aggravated Kidnapping, Attempted Aggravated Robbery, Aggravated Robbery, Aggravated Rape, and Reckless Endangerment with a deadly weapon.

31. On or around July 10, 2017 Mr. Cage pled No Contest to the charges indicted and ask the court to dismiss the charges for institutionalized racism and derivative entrapment. His Public Defender was not present.

32. Defense submitted several pretrial motions after which trial on November 28, 1994 entailed. He was convicted on December 2, 1994 and sentenced to 55 years incarceration January 13, 1995.

33. Mr. Cage was transferred to the Tenn. Dept. of Corrections January 21, 2017.

34. He had been housed at multiple correction facilities to include but not be limited to: Southeast Tennessee Regional State Correctional Facility, River Bend Maximum Security Institution, Brushy Mountain State Prison, Lois M. De Berry Special Needs Facility, Northwest Correction Complex, Northeast CorrectionComplex, and Morgan County Correction Complex; and in the custody of such Wardens as Bowden, Bell, Mills, Holland, Lewis, Waller, Carlton, Mc Callister, Carpenter, Parker, and Holloway under the tutelage of such commissioners and governors as Campbell, Sundquist, White, Bredesen, Little, Ray, Schofield, Parker, and Haslam.

35. The Plaintiff was a minor when convicted and imprisoned.

36. He was a minor, black, and male.

## CAUSE OF ACTION

37. The plaintiff(s) are indigent and bring this suit by and through the himself.

38. He has submitted an application to proceed informa pauperis along w/ an inmate trust fund certification balance.

39. According to willing statement by Stephen Mayes,
The subject of the communicable disease he actually suffered the communicable disease.

40. That, on or about March 15, 2017 he was diagnosed with the shingles virus by Dr. Seahorn, a lincensed physicians assistan

41. Mr. Mayes was a nationally registered and state of Tennessee licensed paramedic whom has adequate knowledge of the subject matter.

42. He specifically ask physicians assistant Seahorn if he needed to be isolated from those whom would come in contact in order to prevent the spread of the virus.

43. Physician Assistant Seahorn told him he did not require it. Nurse Paula, RN, the unit nurse and Dr. Nwozo, M.D. was present.

44. Later on he was placed on bed rest ( see: paragraph 9 facts of affidavit/ affidavit of Stephen Mayes) Also see: Paragraphs 1-9 Affidavit of Stephen R. Mayes and as a result of paragraphs 37-43 above.

45. Herpes Zoster (Shingles) is caused by the varicella- zoster virus which also causes chicken pox. Following an attack of the chicken pox, the virus lies dormant in the dorsal root ganglia of the spinal cord.

46. Later under one of a number of influences, the virus migrates down the sensory nerve to affect one or more of the dermatones on the skin in a band causing the characteristic shingles rash. Shingles may be chronically painful. See. Bantum Medical Dictionary page 331- Herpes

47. Shingles is an infection with the varicella zoster virus that produces a severly painful skin eruption of fluid filled Blisters. Until scabbing occurs the blisters contain varicella zoster virus, which can cause chicken pox if transmitted to susceptible people. See: page 1052- Shingles Merck Manual of medical information.

48. On 3-22-17 Quinton Cage submitted grievance, grievance number 313457/ 14170

49. On 4-3 2017 Tammy Farley, Head Nurse answer opted w/ Hippa as explanation.

50. She has no right to waive hippa for Stephen Mayes.

51. Mr. Cage requested as witness at the hearing Stephen Mayes, he also was denied based on hippa regulations

52. Only Stephen Mayes can waive his hippa rights. (see: Inmate Grievance committee Hearing minutes).

53. The Grievance board in light of objection agreed with the supervisor (See addendum attachment s)

54. Stephen R Mayes agreed to be Quinton Cage's witness at the hearing.

55. Mr. Cage rebutted with hippa laws had nothing to do with witness testimony.

56. Jason M. Woodall, assistant commissioner of operations concurred with supervisor on 4- 10- 2017.

57. TDOC POLICY 113.42 gets its authority from TCA 4-3-603 and TCA 4-3-606. Its purpose is to provide guide lines for the prevention and control of communicable diseases. See: VI (A) 8.

58. The policy guarantees each institution shall have an organized program for the control of communicable diseases that is consistent with the regulations of the Tennessee Dept. of Health, Division of Communicable and environmental disease service section.

59. The defendants willfully, recklessly or negligently exposed the plaintiffs to a hazardous condition.

60. The plaintiffs were place in imminent danger of serious physical injury.

61. Employee/offender interaction is not of a professional nature. Mental Health unit 7 bravo pod are bullied. (See: TDOC POLICY 305.03 VI. (A.) Also see: TDOC POLICY 501.01 M (1) (2). Also see: Attachment P

62. Staff have failed to treat mental health patients fairly, respectfully and impartially (double jeopardy and excessive rigor)- Cruel and unusual punishment.

63. Mental health prisoners are incapable of sufficient representation to protect their protected or special interests.

**STATEMENT OF CLAIM**

64. The defendants subjected the plaintiff to an exposure of hazardous condition.

65. On 3-5-2017 Stephen Mayes was diagnosed with herpes zoster "shingles" and released or not quarantined per TDOC policy 113.42.

66. The plaintiff's endangered security and health.

67. Stephen Mayes was released for 2 weeks: scratching, picking, touching appliance made for inmate use, eating in the dining hall while contagious.

68. The defendants exposed us to a communicable disease.

69. Stephen Mays while contagious was released in general population among multiple prisoners.

70. Mr. Cage witnessed contact among persons and things.

71. The defendants erred when they actually gagged evidence and witnesses credible to substance.

**72. On ▒-▒-2017 The plantiff ask that a witness be called at his grievance hearing and who agreed to cooperate, collaborate, and corroborate his claims. Also, the supervisor response claiming hippa is moot. Defendants denied evidence based on hippa law.**

74. The defendants denied credible proof by depriving credible witness testimony.

75. The supervisor deferred to respond based on Hippa laws without attempting to gain consent.

76. Their answer was a cop-out.

77. The defendants have succumbed to a devolved standard of decency.

78. From 1999 til present and I quote verbatim "prison go from sugar to shit."

79. The defendants persist to endanger prisoners on a regular basis.

80. In "1998" Former Governor Sundquist initiated his get tough on crime campaign the backlash extending to prisons. Bill Haslam followed up with his prison should not be ran like a fine hotel campaign.

81. The defendants have subjected us to cruel and unusual punishment.

82. In light of prior and current complaints about sufficient every day life provisions, the defendants continue to devolve.

## REQUESTED RELIEF

83. ALL DEFENDANTS

Wherefore, the premise considered, the plaintiff asks this court to grant relief as follows:

### A preliminary injunction, granting:

1. For this court to accept jurisdiction over the case and action at bar and according to Sect.1 Paragraphs 1-4 above

2. For this court to appointment counsel to protect the plaintiffs interest regarding the case and issues at bar.

3. For this court to grant a declaratory judgment declaring all right, privileges, and immunities pertinent to the claims raised on review and for disposition.

4. For this court to provide a forensic evaluation to assess any and all personal injury or irreparable harm as it pertains to the case and issues at bar.

5. To grant a jury trial in this case.

### Compensatory Damages

6. In the amount of $45,000.00 jointly and severally for damages incurred as a result of paragraphs 5-66 above.

7. Overturning all class A and B disciplinary convictions obtain while in the custody and confinement of the Tennessee Dept. of Correction prior and current while housed at every one of its division of adult institution where he has been confined.

### Punitive Damages

8. In the amount of 100, 000.00 severally and jointly as a result of the willful, reckless or negligent disregard for mental health prisoner health and safety and the cover up to escape liability to upgrade and follow the TDOC communicable diseases policy, inmate /staff relation policy, and inmate grievance policy.

RESPECTFULLY SUBMITTED:

Quinton Cage #242918, Pro-se and In- propria person
7575 Cockrill Bend Blvd. Nashville, Tennessee 37209

### ARGUMENT AND AUTHORITY

The eighth amendment forbids deliberate indifference to the serious health and safety needs of prisoners. **FARMER V. BRENNAN, 114 S CT. 1970, 1977 (1994); WILSON V. SEITER, 501 U.S. 294, 298-300, 111 S. CT. 2321, 2324 (1991).**

In the instant case multiple prison condition are non-restrictive or illegitimately enforced and /either unenforced which endangers the good health and proper safety of state prisoners.

For instance, according to:

# Inmate rights and Responsibilities, TDOC RULES AND REGULATIONS HAND BOOK, page 17 paragraph #1

## TENNESSEE PRISONERS HAYE THE RIGHT TO BE TREATED RESPECTFULLY, FAIRLY AND IMPARTIALLY BY ALL TDOC PERSONELL... PRISONERS HAVING THE RESPONSIBILITY TO TREAT OTHER PEOPLE RESPECTFULLY AS WELL.

I argue that if multiple have to suffer because a majority staff refuse to treat others respectfully as well then by constantly subjecting to hazardous conditions is a deliberate indifference and cruel and unusual punishment. **RHODES V. CHAPMAN, 452 AT 347; ACCORD, WILSON V. SEITER, 501 U.S. 294, 111 S CT.2321, 2324 (1991).**

*{WE ARE ENTITLE BY THE U.S. SUPREME COURT TO REASONABLE SAFETY}- IF A MAN WITH A LENGTHY TERM WANTS TO ENDURE HE HAS TO BE FIT MENTALLY, PHYSICALLY AND SPIRITUALLY BECAUSE A MAJORITY DISRESPECTS THE MULTIPLE SHOULD'NT BE HELD ACCOUNTIBLE. HALLING V. MCKINNEY, U.S. ,113 S.CT. 2475, 2480 (1989), CITING DESHANEY V. WINNEBAGO COUNTY DEPT. OF SOCIAL SERVICES, 489 U.D. 189, 199-200, 109 S.CT. 998 (1989). Also, see: WILSON V. SEITER, 501 U.S. 294, 304, 111 S.CT. 2321, 2327 (1991) (SEE: Attached –Exhibits A-O)*

*Exposure to hazardous conditions with a deliberate indifference to good health and proper safety amount to wanton and unnecessary infliction of pain. RHODES V CHAPMAN, 452 U.S. AT 347; ACCORD, WILSON V. SEITER, 111 S.CT. AT 2324.*

JUST BEING IN THE VICINITY OF HAZARDOUS CONDITIONS IS CRUEL AND UNUSUAL.

( It need not inflict physical or cause lasting injury or permanent harm). The plaintiffs are in imminent danger of serious physical injury or harm.) ***BORETTI V. WICSCOMB 930 F. 2d. 1150, 1154-55 (6th cir. 1991); Jackson v. Cain, 864 F.2d 1235, 1247 (5th cir 1989) Foulds v. Corley 833 F.52, 55 (5th Cir1987); Corselli v.Coughlin, 824 F.2d 23, 26 (2nd Cir 1988); Gill v. Mooney, 824 F.2d192, 196 (2nd Cir1987); H.C. Hewett v. Jarrard, 786 F.2d 1080, 1083, 1087 (11th Cir 1986).***

And have been exposed to hazardous condition and position in violation of Article 1 section 8, 16, and 32 Tn Constitution and Amendment 1, 4, 5, 6, 8, and 14 U.S. Constitution. (GROUP PUNISHMENT)

# CONCLUSION
## Because of the the deliberate indifference to plaintiff good health and proper safety he has been
## Exposed to hazardous condition
## (unwarranted punishment, manifest injustice, inhumane treatment, unfair treatment, illegal detainment, slander and libel, aggravated assault w/ an injury).

### *SEE ATTACHED EXHIBITS A-O*

### RELIEF REQUESTED

Wherefore the premise considered plaintiff(s) ask the court to grant as follows:

1. a preliminary injunction, accepting jurisdiction over this complaint; a declaration declaring their rights, privilege and immunities under the US and Tennessee Constitution; and fair and unbiased forensic evaluation of irreparable harm or personal injury.

    2. arrest and detainment of all defendants until plaintiff(s) demands are met:

3. $10, 000, 000. 00 jointly and severally and exoneration from wrongful conviction and false imprisonment.

*RESPECTFULLY SUBMITTED,*

*QUINTON ALBERT CAGE*
*242918/DSNF/7B106-A*
*7575 COKRILL BEND INDUSTRIAL BOULEVARD*
*NASHVILLE, TENNESSEE 37209-1057*
*PRO-SE AND INPROPRIA PERSONA*

I SWEAR UNDER PENALTY OF PURJURY THE FOREGOING STATEMENTS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, BELIEF, AND INFORMATION.

**VERIFICATION/SELF- NOTARIZATION**
**UNDER 28 USC 1746**

SIGNED THIS 30th DAY OF August 2017

_____
**QUINTON ALBERT CAGE**